**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LABORERS' PENSION FUND and** | ) | |
| **LABORERS' WELFARE FUND OF THE** | ) | |
| **HEALTH AND WELFARE DEPARTMENT** | ) | |
| **OF THE CONSTRUCTION AND GENERAL** | ) | |
| **LABORERS' DISTRICT COUNCIL OF** | ) | |
| **CHICAGO AND VICINITY, and JAMES S.** | ) | |
| **JORGENSEN, Administrator of the Funds,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 11 CV 3568** |
| **v.** | ) | |
| | ) | **Judge Robert W. Gettleman** |
| **CREATIVE DESIGN** | ) | |
| **CONSTRUCTION, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' MOTION FOR PROVE UP OF DAMAGES**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

(collectively the "Funds"), and James S. Jorgensen, pursuant to Rule 55 of the Federal Rules of Civil

Procedure, by their attorneys, move for Judgment of Damages in Sum Certain against defendant

Creative Design Construction, Inc.  In support of this Motion, plaintiffs, by their attorneys state:

1.     On May 26, 2011, plaintiffs filed a complaint under Sections 502(e)(1) and (2) of the

Employee Retirement Income Security Act, as amended, 29 U.S.C. §1132(e)(1) and (2); Section

301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a); and 28 U.S.C.

§1331 alleging that at all material times defendant, Creative Design Construction, Inc. (the

"Company"), has an obligation, arising from a collective bargaining agreement to make contributions

to plaintiffs' Funds, to submit to an audit upon demand and to obtain and maintain a surety bond.

In this Complaint, plaintiffs specifically alleged that defendant failed to report and pay contributions from February 2011 to the present.  Plaintiffs requested relief included producing books and records for an audit upon plaintiffs' request.

2.      The Court granted plaintiffs' motion for default, on January 11, 2012.

3.      The Company's president, Larry Hill, agreed to comply with an audit, and the Funds performed a payroll audit as required by the Collective Bargaining Agreement.

4.      As established by the Funds' Field Department Representative, Rocco Marcello, the Funds' auditors from Richard J. Wolf & Company, Inc., reviewed the defendant's records which reflected contributions due to the Funds for the period from November 10, 2010 through June 30, 2011.  The audit report dated July 26, 2011, reflects principal contributions owed to the Welfare, Pension, Training, LDCLMCC, CAICA, and LECET funds, and for Union dues in the total amount of $11,471.58, plus accumulated penalties of $533.76 owed for an untimely paid January 2011 report.  (See, Rocco Marcello Affidavit, Exhibit A, ¶3; the audit report, Exhibit B; Marcello summary report, Exhibit C).

5.      According to the Collective Bargaining Agreement and the respective Trust Agreements to which the defendant is bound, payment is also owed for liquidated damages in the amount of 20% (twenty percent) of the unpaid or late contributions to the Welfare, Pension, and Training funds, and 10% (ten percent) of the principal amount of delinquent contributions to the LDCLMCC, CAICA and LECET funds, and for Union dues.  Additionally, interest is calculated at twelve percent and is owed for all delinquencies.  As such, liquidated damages are owed in the amount of $2,151.69 based on delinquent contributions to the Welfare, Pension and Training funds and liquidated damages are owed in the amount of $71.31 based on delinquent contributions to

2

LDCLMCC, CAICA and LECET funds and Union dues, and $726.45 is owed in interest. As established by the affidavit of Mr. Marcello, the liquidated damages to the Welfare, Pension and Training funds amount to $2,151.69, and the liquidated damages to the LDCLMCC, CAICA, and LECET, and for Union dues, amount to $71.31. Interest is due in the amount of $726.45. (See Mr. Marcello affidavit, Ex. A, ¶4). These amounts are further detailed in the summary report of the audit prepared by Mr. Marcello that is attached as Exhibit C.

6. As required by Article IX , paragraph 1 of the Collective Bargaining Agreement, all employers are required to procure, carry and maintain a surety bond in an amount that is satisfactory to the Union. This bond must be in excess of $5,000.00 to guarantee the payment of wages, Pension and Welfare Trust Contributions during the term of the Agreement. The Company was unable to provide written proof to the auditors that it had obtained such a surety bond. (See, Mr. Marcello affidavit, Ex. A, ¶6; the audit report, Ex. B).

7. The cost of the audit billed to the Funds was $600.00, which the defendant is also obligated to pay, based on the respective Trust Agreements to which they are bound. (See, Mr. Marcello affidavit, Ex. A, ¶5).

8. Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Sara Stewart Schumann establishes the amount of attorneys' fees incurred in this matter are $4,883.75 and $410.00 in costs, which consists of service of process and filing fees. (See, Affidavit of Sara Stewart Schumann, Exhibit D).

**WHEREFORE,** plaintiffs request entry of a judgment against Creative Design Construction, Inc., in a total amount of $20,848.54, and a Court order demanding that defendants within 60 days of the date of this judgment order provide written proof that it has obtained a surety bond to

plaintiffs' counsel, Sara Stewart Schumann, Esq., Allison, Slutsky & Kennedy, P.C., 230 W. Monroe

Street, Suite 2600, Chicago, IL 60606.

Respectfully submitted,

/s/ Sara S. Schumann
One of plaintiffs' attorneys

Karen I. Engelhardt
Sara S. Schumann
ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

January 25, 2012